UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUNDRE WOODLAND,

    Petitioner,

v.    Civil Case No. 4:16-10289
    Honorable Linda V. Parker

THOMAS WINN,

    Respondent.
_____/

**<u>OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS</u>**

Petitioner Aundre Woodland has filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is challenging his conviction for conspiracy to commit assault with intent to commit murder in the Circuit Court for Wayne County, Michigan. Petitioner wishes to raise four claims in this action: (1) the denial of the effective assistance of counsel at trial, (2) the trial court lacked jurisdiction to try Petitioner, (3) Petitioner was sentenced based on facts not admitted or found beyond a reasonable doubt by a jury, and (4) there was insufficient evidence presented at trial to sustain Petitioner's conviction.

Petitioner's first claim was exhausted during his appeal of right. (ECF No. 1 at Pg ID 25-28.) Petitioner admits that his remaining claims are unexhausted, but indicates that they will be presented to the state courts in a post-conviction motion yet to be filed in the trial court. (*Id*. at Pg ID 16-18.) Petitioner seeks an order staying this case until he completes state post-conviction review.

The Court will summarily dismiss this petition without prejudice because the petition contains unexhausted claims and Petitioner fails to show sufficient need for a stay. The Court also will deny Petitioner a certificate of appealability and leave to appeal in forma pauperis.

I.

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .." Rule 4, Rules Governing Section 2254 Cases. If the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

II.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S.

838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts for review. The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims also must be raised in the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner states that he has not exhausted all of his potential habeas claims in the state courts and that he intends to file a motion for relief from judgment with the state trial court concerning additional, unexhausted claims. Petitioner must complete the state court process before seeking habeas relief in federal court. *Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich.

Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006).  Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d).  The state courts first must be given a fair opportunity to rule on all of Petitioner's claims before he can present them in federal court.  Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.  The district court can and must raise the exhaustion issue on its own when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss a petition containing unexhausted claims without prejudice in order to allow the petitioner to return to state court to exhaust remedies.  However, since the habeas statute was amended to impose a one-year limitations period on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice may effectively preclude future federal habeas review.  Petitioner's application is subject to the one-year limitations period in § 2244(d)(1).  Under the statute, the one-year limitations period runs from "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, Petitioner completed direct review of his conviction when the Michigan Supreme Court denied his application for leave to appeal on June 30, 2015. *People v. Woodland*, 864 N.W.2d 574 (Mich. 2015). The one-year limitations period began to run under § 2244(d)(1)(A) when the ninety-day period for seeking certiorari in the United States Supreme Court expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Therefore, the limitations period began to run on September 29, 2015, and Petitioner commenced this action on January 22, 2016. (ECF No. 1 at Pg ID 14.) While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. q167, 181-82 (2001), such time is equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). As such, less than four months has run on the limitations period, leaving Petitioner with over eight months to seek federal habeas review.

Petitioner has ample time to seek state post-conviction review before filing a federal habeas petition because once Petitioner properly files his state post-conviction motion, the statute of limitations will be tolled while those post-conviction proceedings are pending in the state courts. *See* § 2244(d)(2). That is, the statute of limitations will run only during the period before Petitioner files his

post-conviction motion and, then after it is resolved, before he files his federal habeas petition. Eight months is more than enough time to accomplish these tasks. Therefore, Petitioner is not in danger of running afoul of the statute of limitations, and there is no basis for staying this case rather than dismissing it without prejudice. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) (stay of habeas case requires showing of "good cause").

Accordingly, the Court will dismiss the petition without prejudice so that Petitioner may exhaust his state court remedies with respect to his second, third, and fourth claims in support of his request for habeas relief.

III.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue only if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-

85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling.

The Court therefore is denying Petitioner a certificate of appealability and also concludes that leave to proceed in forma pauperis on appeal should be denied as an appeal cannot be taken in good faith. Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that a certificate of appealability and permission to appeal in forma pauperis are **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 22, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 22, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager

7